NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STAN CHRISTIANSON, | No. 22-35472 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01349-RSM |
| v. | MEMORANDUM[*] |
| THE BOEING COMPANY, a Delaware company with its headquarters in Illinois doing business in the state of Washington, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted June 5, 2023[**]
Seattle, Washington

Before: SCHROEDER, HAWKINS, and CALLAHAN, Circuit Judges.

Stan Christianson ("Christianson") appeals the adverse summary judgment

in his action against The Boeing Company ("Boeing") asserting Washington state

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims of employment discrimination due to his sleep-related disabilities of insomnia and sleep apnea. We have jurisdiction under 28 U.S.C. § 1291. "We review de novo the district court's grant of summary judgment," *Christian v. Umpqua Bank*, 984 F.3d 801, 808 (9th Cir. 2020), and we affirm.

Christianson cannot prevail on his failure to accommodate claim under Washington Law Against Discrimination ("WLAD"), Wash. Rev. Code § 49.60.180(2) because he failed to provide Boeing "notice of the abnormality and its accompanying substantial limitations." *See Gamble v. City of Seattle*, 431 P.3d 1091, 1094 (Wash. Ct. App. 2018). Boeing maintains a formal process for employees to request disability accommodations that Christianson successfully utilized multiple times in the past. Yet, Christianson never submitted a formal request for accommodation due to his sleep-related disabilities despite his familiarity—and success—with the program. Boeing cannot be held responsible for Christianson's failure to notify his employer that his sleep-related disabilities substantially limited his ability to perform his job such that accommodation was needed. *See id.* at 1097.

Christianson's disparate treatment claim fails because he does not raise an inference of unlawful discrimination. *See Brownfield v. City of Yakima*, 316 P.3d 520, 533 (Wash. Ct. App. 2014). He provides no evidence that Boeing treated him differently than any other employee because of his disability. *See Kirby v. City of*

2

*Tacoma*, 98 P.3d 827, 834 (Wash. Ct. App. 2004). The district court properly found that a failure to consistently appear at work in violation of established company policy is the type of discharge that "would typically result in discharge in any employment setting."

Even if Christianson established a prima facie case for these claims, he must establish either that the asserted reason for his termination was pretextual or that "discrimination, retaliation, or violation of public policy also was a substantial motivating factor for the termination" to prevail. *See Mackey v. Home Depot USA, Inc.*, 459 P.3d 371, 387 (Wash. Ct. App. 2020). Christianson cannot do so because Boeing presented legitimate, non-discriminatory, and non-retaliatory reasons for Christianson's termination—namely, his failure to comply with Boeing's attendance policies and failure to communicate appropriately with his supervisor despite progressive discipline and warnings. *See Fulton v. State, Dep't of Soc. & Health Servs.*, 279 P.3d 500, 506–07 (Wash. Ct. App. 2012).

**AFFIRMED**.